# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KRISTA L. KINNISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21-00369-CV-W-DPR-SSA |
| KILOLO KIJAKAZI, | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is the Motion to Vacate Dismissal and for Leave to File Brief Out of Time, filed by Plaintiff on December 12, 2021. (Doc. 12.) This action was dismissed for want of prosecution on October 7, 2021. (Doc. 10.) Defendant takes no position on the Motion. Upon review, the Motion will be denied.

In this matter, Plaintiff filed her complaint on May 27, 2021, seeking review of a final decision of the Commissioner of Social Security. (Doc. 1.) On August 9, 2021, Defendant timely filed the administrative record and an answer to the complaint. (Docs. 5, 6.) Per Local Rule 9.1(d), Plaintiff was required to file suggestions in support of the complaint on or before September 20, 2021, but failed to do so. As a result, on September 24, 2021, the Court ordered Plaintiff to show cause in writing by October 1, 2021, as to why this action should not be dismissed for failure to prosecute. (Doc. 9.) Plaintiff was also advised that failure to respond would result in dismissal of the action without further notice. *Id*. After Plaintiff failed to respond as ordered, the Court entered an order dismissing the action for want of prosecution on October 7, 2021. (Doc. 10.)

Pursuant to Rules 59(e) and 60(b), Plaintiff now moves for an order vacating the dismissal and for leave to file a brief out of time. In support, she states that although her attorney, Roger Driskill, received electronic notice of Defendant's answer and the Court's show cause order, her

other two attorneys, Kyle Sciolaro and Andrea Wehner, did not receive electronic notice of said filings. Defendant further asserts that she did not intend to abandon prosecution of this case.

## I. Rule 59(e)

Plaintiff seeks relief pursuant to Rule 59(e), which states that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Here, Plaintiff's motion was filed 66 days after the order of dismissal was entered. Accordingly, the motion is untimely under Rule 59(e) and cannot be granted on this basis.

## II. Rule 60(b)

Plaintiff also moves under Rule 60(b), which "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). Acceptable reasons for relief from a final judgment, order, or proceeding include "mistake, inadvertence, surprise, or *excusable* neglect." Fed. R. Civ. P. 60(b)(1) (emphasis added). This rule is "to be given a liberal construction so as to do substantial justice." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996). However, "ignorance or carelessness of an attorney is generally not cognizable under Fed. R. Civ. P. 60(b)." *Cline v. Hoogland*, 518 F.2d 776, 778 (8th Cir. 1975).

Defendant alleges that her failure to file a brief or respond to the show cause order were "the result of inadvertence and neglect [and] mistakes due to ignorance." (Doc. 12 at 3.) A review of the record belies this claim, as Mr. Driskill, an experienced attorney, opened this case and filed the complaint on behalf of Plaintiff. Consequently, as Plaintiff's attorney, Mr. Driskill was responsible for the prosecution of the case and received electronic notice of all activity in the case, including the answer and the show cause order, at the following six email addresses:

1. rmdriskill@burnettdriskill.com,
2. 4177084420@filings.docketbird.com,

2

3. 9766665420@filings.docketbird.com,
4. lclayton@burnettdriskill.com,
5. mstephens@burnettdriskill.com, and
6. sdanner@burnettdriskill.com

Also, as the filing attorney, it was Mr. Driskill's responsibility to add Mr. Sciolaro and Ms. Wehner as additional attorneys representing Plaintiff at the time of filing.

Mr. Sciolaro claims he was unaware of the show cause order and order of dismissal until December 7, 2021, when he entered his appearance and reviewed the docket. However, the record shows that on August 25, 2021, after Defendant had filed the answer, Mr. Sciolaro personally filed two returns of service (docs. 7, 8), including a docket entry noting that the answer was due 23 days prior on August 2, 2021.

The Court considers the record before it to reflect extreme carelessness on behalf of Plaintiff's attorneys. Mr. Driskill was the attorney of record for Plaintiff and received electronic notice of all activity on the case, including the answer and show cause order, at six separate email addresses. Three of these six email addresses appear to be for three additional individuals, meaning that as many as four individuals at the law firm chose to ignore this matter, which the Court finds careless.

And, contrary to Mr. Sciolaro's assertion that he was unaware of the activity in this case until December 7, 2021, the record establishes that he personally filed two returns of service on September 25, 2021. These filings were completed after the answer deadline that Mr. Sciolaro himself entered on the record had passed and after Defendant had filed an answer. Despite this, Mr. Sciolaro did not recognize that Plaintiff's initial briefing period had commenced and proceed accordingly, which again can only be construed as carelessness. The Court also notes that Plaintiff's attorneys had a duty to "closely monitor" the progress of Plaintiff's case but failed to do so until over six months after the case was filed. *Williams v. Hatcher*, 890 F.2d 993, 996 (7th

3

Cir. 1989).

Based on the foregoing, the Court finds that Plaintiff has failed to show the exceptional circumstances required for the extraordinary relief contemplated by Rule 60(b). Rather, the record reflects multiple instances of carelessness and inexcusable neglect on the part of Plaintiff's attorneys. Accordingly, as to this basis, the Motion will be denied.

It is therefore **ORDERED** that Plaintiff's Motion to Vacate Dismissal and for Leave to File Brief Out of Time, filed 66 days after this matter was dismissed and notice was provided to Plaintiff's attorney, is **DENIED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: December 14, 2021